IN THE DISTRICT COURT OF GARVIN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SHERMAN PICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CJ-15-30 |
| | ) |
| TREY PHILLIPS, individually, and | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

STATE OF OKLAHOMA } SS.
GARVIN COUNTY
**FILED**
MAR 1 2 2015
AT 10:30 O'CLOCK A M.
CINDY ROBERTS, Court Clerk
BY_____DEPUTY
BOOK_____ Page_____

## PETITION

COMES NOW Plaintiff, Sherman Pickens, individually (hereinafter Plaintiff) for his cause of action against Defendant, Trey Phillips, (hereinafter Defendant Phillips) and Defendant, State Farm Mutual Automobile Insurance Company (hereinafter Defendant State Farm) and states as follows:

### THE PARTIES

1. Plaintiff was a citizen and resident of Garvin County, Oklahoma at the time of the collision hereinafter described.

2. Defendant Phillips was a citizen and resident of Garvin County, Oklahoma at the time of the collision hereinafter described.

3. Defendant State Farm is incorporated under the laws of the State of Illinois and is licensed to and does conduct business in the State of Oklahoma.

### JURISDICTION AND VENUE

4. This is an action arising from a motor vehicle collision that occurred in Garvin County, Oklahoma, when Defendant Phillips was negligent in causing the collision that is the subject of this action.

5. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

1

## THE CAUSE OF ACTION

6. On April 15, 2014, a motor vehicle collision occurred when Defendant Phillips drove his vehicle into and collided head-on with Plaintiff's vehicle.

7. The collision occurred on U.S. Highway 77 and County Road (NCR 3265) in Wynnewood, Oklahoma.

8. Plaintiff was traveling westbound on U.S. Highway 77 when Defendant Phillips came into his lane of travel from the eastbound lane and collided with the Plaintiff's vehicle.

9. As a result of Defendant Phillips' negligent and reckless actions, Defendant Phillips' vehicle collided with Plaintiff's vehicle.

10. The impact from the collision hurt Plaintiff physically and mentally and caused the injuries and damages to Plaintiff that are described below.

11. At all times Plaintiff was acting in a safe and prudent manner and did not cause or contribute to the wreck in any way whatsoever.

12. That Defendant State Farm insured Plaintiff for underinsured motorist benefits under policy 0683641E1336E.

13. That at the time of the wreck Defendant Phillips was underinsured.

## DUTIES OWED BY DEFENDANT TREY PHILLIPS

14. Defendant Phillips was required to follow the traffic safety rule of keeping a proper lookout for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. §11-901(b).

15. Defendant Phillips was required to follow the traffic safety rule of reasonably and safely changing lanes for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. § 11-604.

16. Defendant Phillips was required to follow the traffic safety rule of keeping his vehicle under proper control for the safety of Plaintiff and others, both before and at the time of the collision.

17. Defendant Phillips was required to follow the traffic safety rule of not driving his vehicle in such a manner as to indicate wanton disregard for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. §901.

18. Defendant Phillips was required to follow the traffic safety rule of using ordinary care for the safety of Plaintiff and others, both before and at the time of the collision.

19. Defendant Phillips was not allowed to endanger Plaintiff or anyone else by violating one or more of the traffic safety rules listed above.

## DUTIES VIOLATED BY DEFENDANT TREY PHILLIPS

20. At the time of the collision, Defendant violated the duty to follow the safety rule of keeping a proper lookout for the safety of Plaintiff and others, as required by 47 O.S. §11-901(b).

21. At the time of the collision, Defendant violated the duty to follow the traffic safety rule of reasonably and safely changing lanes for the safety of Plaintiff and others, as required by 47 O.S. § 11-604.

22. At the time of the collision, Defendant violated the duty to follow the safety rule of keeping his vehicle under proper control for the safety of Plaintiff and others, both before and at the time of the collision.

23. At the time of the collision, Defendant violated the duty to follow the traffic safety rule of not driving his vehicle in such a manner as to indicate wanton disregard for the safety of Plaintiff and others, both before and at the time of the collision, as required by 47 O.S. §901.

24. At the time of the collision, Defendant violated the duty to follow the traffic safety rule of using ordinary care for the safety of Plaintiff and others, both before and at the time of the collision.

25. At the time of the collision, Defendant endangered Plaintiff and others by failing to follow one or more of the traffic safety rules listed above.

## CAUSATION OF PLAINTIFF'S INJURIES AND DAMAGES

26. The injuries and damages sustained by the Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendant's violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiff.

27. The injuries and damages sustained by Plaintiff were a probable consequence from Defendant's violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiff.

28. Defendant should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

29. If Defendant had not violated one or more of the above described independent duties to use ordinary care for the safety of Plaintiff, then the Plaintiff's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

30. The injuries and damages sustained by the Plaintiff as a result of Defendant's violations of one or more of the above described safety rules, include but are not limited to the following:

   A. Plaintiff's physical pain and suffering, past and future;

   B. Plaintiff's mental pain and suffering, past and future;

   C. Plaintiff's age;

   D. Plaintiff's physical condition immediately before and after the accident;

   E. The nature and extent of Plaintiff's injuries;

   F. Whether the injuries are permanent;

   G. The physical impairment;

   H. The disfigurement;

   I. Loss of [earnings/time];

   J. Impairment of earning capacity;

   K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advise that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Under item (K), Plaintiff's medical bills total $9,925.96. At this point, Plaintiff does not know the amount of future medical expense, if any. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award.

## PUNITIVE DAMAGES

31. That Defendant Pickens' actions were so gross and reckless that he should be punished to (blank) himself and others.

## AMOUNT OF DAMAGES

32. The Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against the Defendant in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered, including punitive damages.

## RESERVATION OF ADDITIONAL CLAIMS

33. Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against the Defendant in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs, punitive damages and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

WARHAWK LEGAL

_____
Joe Carson, OBA#19429
Danielle Daniel, OBA#30369
1000 W. Wilshire Blvd., Suite 230
Oklahoma City, OK 73116
Telephone: (405) 397-1717
Facsimile: (405) 241-5222
E-mail: joe@warhawklegal.com
E-mail: danielle@warhawklegal.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**